FILED
JAMES BONINI
CLERK

09 NOV 19 PM 4: 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R+L CARRIERS, INC. | ) | CASE NO. 2:09 cv 1053 |
| 600 Gillam Road | ) | |
| Wilmington, Ohio  45177 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE  JUDGE SMITH |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | |
| YRC WORLDWIDE INC., | ) | MAGISTRATE JUDGE KEMP |
| 10990 Roe Avenue | ) | |
| Overland Park, Kansas  66211 | ) | |
| | ) | |
| USF HOLLAND INC., | ) | |
| 750 East 40th Street | ) | |
| Holland, Michigan  49423 | ) | |
| | ) | |
| USF REDDAWAY INC., | ) | |
| 16277 SE 130th Avenue | ) | |
| Clackamas, Oregon  97015 | ) | |
| | ) | |
| YRC INC. (Successor in Interest to | ) | |
| YELLOW TRANSPORTATION, INC.) | ) | |
| 10990 Roe Avenue | ) | |
| Overland Park, Kansas  66211 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

R+L Carriers, Inc. ("R+L") states the following for its complaint for declaratory relief against YRC Worldwide Inc. ("YRCW"), USF Reddaway Inc., USF Holland Inc. and YRC Inc. ("YRC") (collectively "Defendants").

## Nature of the Action

1. This is an action for declaratory relief. A real and justiciable controversy exists between R+L and Defendants requiring this Court to declare the rights and liabilities between them with respect to whether R+L tortiously interfered with Defendants' contracts, including those with Defendants' employees and supposed customers.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to Title 28, Section 1332 of the United States Code, as the matter in controversy exceeds $75,000 as demonstrated by USF Reddaway's proposed Amended Complaint, and is between citizens of different states. (*See* Exhibit A.)

3. This Court has personal jurisdiction over Defendant YRCW because of its continuous and systematic contacts with the State of Ohio. YRCW is the holding company for USF Reddaway, USF Holland and YRC, Inc. It advertises that it "has the largest, most comprehensive network in North America with local, regional, national and international capabilities." YRCW's affiliated companies USF Holland and YRC, Inc. maintain facilities throughout the State of Ohio, including in this District, and are registered to do business in Ohio.

4. This Court has personal jurisdiction over Defendant USF Holland because of its continuous and systematic contacts with the State of Ohio. USF Holland is registered to do business in Ohio. According to its website, USF Holland maintains business operations in the State of Ohio, including in Akron, Dayton, Columbus, Cleveland, Cincinnati, Youngstown, and Gallipolis. In this District, USF Holland has a facility at 4800 Journal Street, Columbus, Franklin County, Ohio 43228.

5. This Court has personal jurisdiction over Defendant USF Reddaway because of its continuous and systematic contacts with the State of Ohio. On its website, USF Reddaway advertises that it provides shipping services throughout Ohio, including through facilities in Akron, Dayton, Columbus, Cleveland, Cincinnati, Youngstown, and Gallipolis. (*See* Exhibit B.) In addition, upon information and belief, USF Reddaway maintains several corporate accounts that control freight from those companies' headquarters in Ohio. It has also sought the benefit of the Ohio legal system by filing a miscellaneous action here against R+L. (*See* Exhibit C.)

6. This Court has personal jurisdiction over Defendant YRC because of its continuous and systematic contacts with the State of Ohio. YRC is registered to do business in Ohio. As YRC stated in the action it filed against R+L employees Thomas Doan and Kenneth Sustarsic in the Franklin County Court of Common Pleas, it "is a major employer in the State of Ohio" and its "East Division operations include a significant facility located at 5400 Fisher Road, Columbus, Franklin County, Ohio 43228." (*See* Exhibit D.) YRC's website indicates that it also maintains service facilities in Akron, Cincinnati, Cleveland, Columbus, Dayton, Dover, Lima, Mansfield, Parkersburg, Richfield, Sharonville, Toledo, Youngstown, and Zanesville.

7. Defendants are also subject to personal jurisdiction in Ohio because they have sought the benefits and protections of the Ohio legal system.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a),(c) because for the purpose of venue, Defendants are residents of this District by virtue of the fact that they are subject to personal jurisdiction in this District due to their extensive business contacts in this District. (*See* ¶¶ 3-6.)

## The Parties

9. R+L is a corporation organized and existing under the laws of the State of Ohio, and has its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177. R+L is a family-owned and operated company in Wilmington, Ohio. It has been in business for over 40 years with a service fleet of nearly 13,000 tractors and trailers.

10. Upon information and belief, Defendant YRCW is a Delaware corporation with its corporate headquarters in Overland Park, Johnson County, Kansas.

11. Upon information and belief, Defendant USF Holland is a Michigan corporation with its corporate headquarters in Holland, Ottawa County, Michigan. USF Holland is a wholly owned subsidiary of YRCW.

12. Upon information and belief, Defendant USF Reddaway is an Oregon corporation with its corporate headquarters in Clackamas, Clackamas County, Oregon. USF Reddaway is a wholly owned subsidiary of YRCW.

13. Upon information and belief, Defendant YRC Inc. is a Delaware corporation with its corporate headquarters in Overland Park, Johnson County, Kansas.

## Facts

14. Defendants are engaged in the interstate trucking business, including less-than-truckload ("LTL") operations, and are direct competitors of R+L.

15. Defendants have brought several coordinated cases against former employees who currently work for R+L including Robert Zimmerman,[1] James McKenzie,[2] Thomas Doan,

---

[1] *YRC Worldwide Inc. & USF Holland, Inc. v. Robert Zimmerman*, Case No. 09-cv-2098 is pending in the United States District Court for the District of Kansas.
[2] *USF Reddaway Inc. v. James McKenzie*, Case No. CV 09030427 is pending in the Oregon Circuit Court for Clackamas County.

and Kenneth Sustarsic,[3] (the "YRC Coordinated Litigation") alleging that the former employees each violated the terms of the Separation Agreements they entered into upon their departure from Defendants' employ, including by improperly soliciting Defendants' employees and customers and by using the Defendants' confidential trade secrets while employed at R+L.

16. In each of these cases, Defendants have been unable to identify any supposed trade secrets that have been misappropriated; identify the use of any supposed information used by any former employee; or establish any damages or business lost as a result of the supposed breaches of contract.

17. The YRC Coordinated Litigation is, upon information and belief, instituted for illegitimate purposes and not to seek legal redress for a wrong

18. R+L is not a party in any of the YRC Coordinated Litigation, although Defendants have sought extensive discovery from it.

19. USF has recently, and wrongfully, suggested that R+L has wrongfully interfered with its contractual relationships and threatened to hail it into a court in Oregon.

20. R+L reasonably believes upon all information and knowledge that Defendants intend to bring similar actions in three separate venues against R+L as part of the YRC Coordinated Litigation.

21. A real and justiciable controversy therefore exists and is ripe for determination.

## COUNT I
## DECLARATORY JUDGMENT AS TO YRCW & USF HOLLAND

22. R+L incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 21.

---

[3] *YRC Inc. v. Thomas Doan & Kenneth Sustarsic*, Case No. 09-cvh-1728 is currently pending in the Common Pleas Court of Franklin County, Ohio.

- 6 -

23. A real and justiciable controversy exists between R+L and YRCW and USF Holland requiring this Court to declare the rights and liabilities between them with respect to whether R+L tortiously interfered with any contract between Defendants YRCW and USF Holland and any other person including Robert Zimmerman, employees of YRCW and/or USF Holland, or alleged customers of YRCW and/or USF Holland.

24. In February 2009, YRCW and USF Holland filed suit against Mr. Zimmerman in Kansas federal court claiming that he breached the Separation Agreement by inducing YRC's employees to leave for R+L. YRCW further alleged that Mr. Zimmerman breached his Separation Agreement by indirectly allowing others to disclose YRCW's confidential information.

25. There is no evidence that Mr. Zimmerman used any of YRCW's confidential information, and Mr. Zimmerman adamantly denies that he used YRCW's confidential information in violation of his Separation Agreement.

26. R+L did not at any time request, encourage, or assist Mr. Zimmerman in allegedly soliciting employees from YRCW or USF Holland, or using YRCW and/or USF Holland's confidential trade secrets in violation of the Zimmerman Separation Agreement.

27. R+L has not, at any time, interfered in any manner with any contract between YRCW or USF Holland and any person, including Robert Zimmerman, employees of YRCW and/or USF Holland, or alleged customers of YRCW and/or USF Holland.

28. Accordingly, R+L is entitled to a declaratory judgment that it did not tortiously interfere with any contract between YRCW/USF Holland and Robert Zimmerman, employees of YRCW or USF Holland, or alleged customers of YRCW and/or USF Holland.

## COUNT II
## DECLARATORY JUDGMENT AS TO USF REDDAWAY

29. R+L incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 28.

30. A real and justiciable controversy exists between R+L and USF Reddaway requiring this Court to declare the rights and liabilities between them with respect to whether R+L tortiously interfered with a contract between USF Reddaway and any other person including James McKenzie, employees of USF Reddaway, or alleged customers of USF Reddaway.

31. USF Reddaway claims that Mr. McKenzie shared confidential trade secrets of USF Reddaway with R+L and that Mr. McKenzie solicited USF Reddaway customers in violation of his Separation Agreement.

32. Mr. McKenzie has not, at any time, improperly solicited customers from USF Reddaway, improperly solicited USF Reddaway's employees to join R+L, or improperly disclosed any of USF Reddaway's trade secrets in violation of the McKenzie Separation Agreement while working at R+L.

33. R+L did not request, encourage, or assist Mr. McKenzie in allegedly soliciting customers or employees from USF Reddaway or in allegedly disclosing USF Reddaway's trade secrets in violation of the McKenzie Separation Agreement.

34. R+L has not, at any time, interfered in any manner with any contract between USF Reddaway and any other person including James McKenzie, employees of USF Reddaway, or alleged customers of USF Reddaway.

35. Accordingly, R+L is entitled to a declaratory judgment that it did not tortiously interfere with any contract between USF Reddaway and any other person including James McKenzie, employees of USF Reddaway, or alleged customers of USF Reddaway.

## COUNT III
## DECLARATORY JUDGMENT AS TO YRC

36. R+L incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 35.

37. A real and justiciable controversy exists between R+L and YRC requiring this Court to declare the rights and liabilities between them with respect to whether R+L tortiously interfered with any contract between YRC and any other person including Thomas Doan, Kenneth Sustarsic, employees of YRC, or alleged customers of YRC.

38. YRC filed a lawsuit in Ohio against two former employees, Thomas Doan and Kenneth Sustarsic, alleging that they stole trade secrets upon their departure to R+L.

39. Mr. Doan has not, at any time, improperly disclosed confidential information learned while at YRC in violation of his Separation Agreement.

40. Mr. Sustarsic has not, at any time, improperly disclosed confidential information learned while at YRC in violation of his Separation Agreement.

41. R+L did not request, encourage, or assist Mr. Doan or Mr. Sustarsic in allegedly disclosing YRC's confidential information in violation of their Separation Agreements.

42. In addition, R+L has not, at any time, interfered in any manner with any contract between YRC and any other person including Thomas Doan, Kenneth Sustarsic, employees of YRC, or alleged customers of YRC.

43. Accordingly, R+L is entitled to a declaratory judgment that it did not tortiously interfere with any contract between YRC and any other person including Thomas Doan, Kenneth Sustarsic, employees of YRC, or alleged customers of YRC.

WHEREFORE, R+L prays for entry of a declaratory judgment against Defendants as set forth in Counts I-III, reasonable attorneys' fees and the costs of this action, and such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

*/s/ Anthony C. White*

Anthony C. White    (0062146)
(Trial Attorney)
O. Judson Scheaf, III  (0040285)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Tel:   (614) 469-3200
Fax:   (614) 469-3361
Tony.White@ThompsonHine.com
Jud.Scheaf@ThompsonHine.com

*Attorneys for Plaintiff R+L Carriers, Inc.*